Hartley T. Bernstein, Esq.
BERNSTEIN CHERNEY LLP
955 Park Avenue, Fifth Floor West
New York, N.Y. 10028
(212) 381-9684 – Phone
(646) 304-9535 – Fax
hbernstein@bernsteincherney.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ENVER SINANAJ,

                Plaintiff                              Case #

-against –

ALMA REALTY CORP., 3607
BROADWAY REALTY LLC,
EFSTATHOS VALIOTIS (a/k/a
STEVE VALIOTIS, and
NICHOLAS CONWAY

                Defendants
_____

## **COMPLAINT**

      Plaintiff Enver Sinanaj ("Sinanaj"), by his attorneys, Bernstein Cherney LLP, for his

Complaint against Defendants Alma Realty Corp. ("Alma"), 3607 Broadway Realty LLC

("3607"), [sometimes referred to herein, collectively, as the "Corporate Defendants"], Estathos

Valiotis a/k/a Steve Valiotis ("Valiotis"), and Nicholas Conway ("Conway"), [sometimes referred

to herein, collectively, as the "Individual Defendants"] alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action to recover damages for unpaid wages, unpaid overtime wages, unpaid promised wages, breach of contract, liquidated damages and reasonable attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) ("FLSA"), and the various regulations and policy statements promulgated by the U.S. Department of Labor and codified in Title 29 of the Code of Federal Regulations, 29 C.F.R. 500 et seq.; the New York Labor Law, including, but not limited to, Articles 6 and 19 ("New York Labor Law" or "NYLL"), and the various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 135-146; and the common law of the State of New York.

2.      Plaintiff also brings this action for (i)  Defendants' failure to comply with the New York Labor Law ("NYLL") §195, which as of February 1, 2011 has mandated that employers, Defendants included, provide annual wage notices during the period of employment of an employee which specifies, among others, the employee's wage rate, the frequency of wage payments, the designated pay day and other information set forth in the statute. Plaintiff seeks statutory weekly damages of either $25.00 or $50.00 as the case may be, up to a maximum of $2,500.00 or $5,000.00; (ii) wrongful termination.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.       Venue is proper in this District because Defendants conduct business in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## **THE PARTIES**

5.       At all relevant times, Plaintiff Enver Sinanaj was resident of the City of New York, State of New York.

6.       Defendant Alma Realty Corp. is a New York  corporation maintaining offices at 3110 37th Avenue, Long Island City, N.Y.11101.

7.       Defendant 3607 Broadway Realty LLC is a limited liability company formed pursuant to the laws of the State of New York and maintaining an office at 3110 37th Avenue, Long Island City, N.Y.11101

8.       Upon information and belief, at all relevant times, Defendant Efstathos Valiotis, a/k/a Steve Valiotis, was a resident of the State of New York and maintained a principal place of business at  3110 37th Avenue, Long Island City, N.Y.11101.

9.       Upon information and belief, at all relevant times, Defendant Nicholas Conway, was a resident of the State of New York and  maintained a principal place of business at  3110 37th Avenue, Long Island City, N.Y.11101.

10.      Upon information and belief, Alma is owned and/or controlled by 3607.

11.      Upon information and belief, Defendant Valiotis is a principal, managing member and controlling person of 3607.

12.     Upon information and belief, Defendant Valiotis is a principal, officer, director, and controlling person of Alma.

13.     Upon information and belief, Defendant Conway is a principal, Chief Operating Officer and controlling person of 3607.

14.     Upon information and belief, Defendant Conway is a principal, officer, and controlling person of Alma.

15.     Upon information and belief, 3607 is the owner of the buildings located at 3607 and 3609 Broadway, New York, N.Y. (the "Buildings")

16.     Upon information and belief,  at all relevant times, Alma has been the managing agents for the Buildings.

17.     Valiotis is the manager and/or member and/or owner of Corporate Defendants, one of the ten largest shareholder/members of Corporate Defendants, and  is individually responsible for unpaid wages under the New York Limited Liability Company Law.

18.     Upon information and belief, Conway is the manager and/or member and/or owner of Corporate Defendants, one of the ten largest shareholder/members of Corporate Defendants, and  is individually responsible for unpaid wages under the New York Limited Liability Company Law.

19.     The Individual Defendants each are responsible for all personnel decisions made by the Corporate Defendants, including the setting and payment of salaries and other compensation.

20.     The Individual Defendants established policies for the Corporate Defendants, including employee pay policies.

21.     At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and in the production of goods for commerce within the meaning of the FLSA and have engaged in an enterprise whose annual volume of sales made or business done is not less than $500,000.00.

22.     At all relevant times, Defendants have engaged in transactions involving interstate commerce, including foreign banking transactions and Defendants' employees, including Plaintiff, have, and continue to, handle goods and materials that have been manufactured or produced outside of New York (including tools, cleaning materials, maintenance equipment and other items) that have moved in interstate commerce.

## FACTUAL BACKGROUND

23.     Plaintiff was employed as superintendent of the Building continuously from May 2012 until September 2, 2022.

24.     As superintendent, Plaintiff was on call 24 hours a day, 7 days a week, 365 days a year.

25.     Plaintiff regularly worked over forty hours per week but was not compensated for the hours he works in excess of forty hours per week, nor is he compensated at the overtime premium rate for all of the hours he worked in excess of 40 per week.

26.     As superintendent, Plaintiff's regular job duties included cleaning and maintaining the Building, collecting and disposing of trash, maintaining the boiler, responding to tenants' calls and complaints, and providing routine repair work ("Regular Work").  Plaintiff was also expected to be available twenty-four (24) hours a day ("On Call") to attend tenants' emergencies whenever such events arose, including on nights and weekends.

-5-

27.     During the time he has worked as superintendent for the Buildings, Plaintiff regularly worked from 7:00 am until 5:00 pm, with a thirty minute lunch break and from midnight to 2:00 am, 7 days a week.

28.     On average, Plaintiff regularly works approximately 80 hours per week, and, on occasion, over 100 hours a week.

29.     In addition to performing Regular Work, at the request of Corporate Defendants, after he has concluded his regular daily shift, Plaintiff provided non-routine renovation and repair services on apartments at the Buildings, including painting, plastering, plumbing and non-routine renovations (the "Projects").

30.     In addition to his Regular Work, Plaintiff was required to show vacant apartments to prospective tenants and to deliver leases drafted by Alma to such tenants.

31.     In the three years prior to the termination of his employment, in addition to the Regular Work, Defendants required Plaintiff to paint and/or plaster approximately 100 apartments at the Building in preparation for their occupancy by new tenants (the "Projects").

32.     Although Defendants paid Plaintiff $100 for each apartment he painted and/or plastered, they refused to pay for the actual value of those services, consistent with the prevailing rates for such work.

33.     Defendants have failed and refused to pay Plaintiff in full for the Projects.

34.     Upon information and belief, Defendants have engaged in a pattern of consciously avoiding the wage and overtime payment obligations mandated by the FLSA and NYSLL.

35.     In order to evade their responsibilities under the FLSA and NYSLL, Defendants have engaged in a scheme and device to conceal their failure to comply with such laws.

-6-

36.     As part of that scheme and device, Defendants have required Plaintiff to submit inaccurate weekly time sheets setting forth the hours he worked.

37     Although Plaintiff attempted to submit accurate timesheets reflecting the hours worked, Defendants refused to accept such timesheets and, instead, required Plaintiff to sign worksheets indicating that he only worked from 8:00am until 5:00pm.

38.     Plaintiff's weekly salary was significantly less than the minimum wage payable for the hours worked by Plaintiff.

39.     Plaintiff was given to understand that he would be discharged unless he submitted weekly time sheets consistently reflecting forty hours worked each week.

40.     Defendants knowingly and purposely evaded the requirements imposed by the FLSA and NYSLL for the payment of wages and overtime wages by requiring Plaintiff and other employees to submit time sheets that inaccurately reflected only forty (40) work hours in a week.

41.     By insisting upon the submission of false time sheets, Defendants have engaged in a scheme to defraud Plaintiff and to evade their responsibilities under the federal and state wage laws.

42.     During the time Plaintiff was employed at the Buildings, the Corporate Defendants advised all employees that, after being employed for three years,  they would have paid holidays on New Year's Day, Memorial Day, Independence Day, Memorial Day and Christmas Day (the "Paid Holidays").

43.     During his employment at the Buildings, Plaintiff never received time off for any of the Paid Holidays.

44.     During the final year he was employed as superintendent of the Buildings, Plaintiff was not provided with any sick days and did not receive any compensation in lieu of sick days.

45.     During the time he was employed at the Building, Defendants provided Plaintiff with a basement apartment (the "Apartment") to be occupied by Plaintiff and his family.

46.     In or about early July 2022, without prior notice or justification, Defendants required Plaintiff to move from the Apartment and into a building at 710 West 106th Street, New York, N.Y.

47.     At the time Defendants forced Plaintiff to move from the Building, Defendants changed the locks on the Apartment and deprived Plaintiff of access to his personal property, furniture and clothing, all of which remained in the Apartment.

48.     With the approval of Alma and the Individual Defendants, Plaintiff took a vacation from July 30, 3033 through August 27, 2022 to visit family in Montenegro, with the first two weeks being compensated as paid vacation time and the second two weeks as unpaid vacation.

49.     With the agreement and understanding of Alma and the Individual Defendants, Plaintiff arranged for a member of his family to perform the Regular Work while Plaintiff was away on vacation.

50.     On August 30, 2022, upon returning from vacation Plaintiff was informed that he was being suspended from employment without pay, because of (i) issues related to the renting of an apartment in the Buildings; and (ii) occupancy of the Apartment by several individuals during a time that the Apartment was not habitable and violated Building policy and New York City ordinances.

51.     The issues raised by Defendants in order to justify plaintiff's suspension were false and contrived.

52.     Plaintiff had not taken any improper actions or engaged in improper conduct with respect to the rental or occupancy of any apartments in the Buildings but, rather, had shown such apartments to tenants and delivered leases at the direction of Defendants.

53.     Plaintiff and his family members had occupied the Apartment during his employment at the Buildings, and prior to his removal from the Apartment, with the knowledge and permission of Defendants.

54.     Although Plaintiff requested that Defendants make necessary repairs to the Apartment during his occupancy, Defendants failed and refused to do so.

55.     At no time did Plaintiff violate any Building policies or New York City ordinances.

56.     Defendants did not afford Plaintiff any opportunity to respond to the unwarranted charges.

57.     On  September 6, 2022, without further notice, Plaintiff's employment at the Buildings was terminated.

58.     Defendant was wrongfully discharged.

59.     Despite working well over forty hours per week throughout his employment with Defendants, Plaintiff was not paid for the hours he worked, nor was he paid at the proper premium rate for his work in excess of forty hours per week.

60.     Defendants' failure and refusal to pay wages and overtime premiums to Plaintiff for hours worked in excess of forty hours per week has been willful.

61.     During the period of his employment, and, in particular, from October 1, 2016 through the termination of his employment, Defendants failed to pay Plaintiff salary for hours worked in excess of forty (40) hours per week.

62.     During the period of Plaintiff's employment, and, in particular, from October 1, 2016 through the termination of his employment, Defendants failed to pay Plaintiff any overtime premium for hours worked in excess of forty hours a week.

63.     In accordance with the New York Labor Law §195.1, since January, 2011, Defendants have been required, on an annual basis, to present for signature to each employee a wage notice, which had to contain the following wage rate information:  (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii)  whether  the employer  will  claim  allowances such  as  tips,  meals, and/or  lodging against  the  minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number (the "Wage Notice").

64.     During his entire employment with Defendants, Plaintiff never received and never signed the Wage Notice or any document which might show the information required by NYLL §195.1.

65.     Defendants were aware or should  have  been  aware  that  this  practice  was  in violation of NYLL but continued to willfully engage in this unlawful practice.

66.     At all relevant times herein, the Corporate Defendants were and are controlled by the Individual Defendants.

-10-

67.     At all relevant times herein, the Individual Defendants acted for and on behalf of the Corporate Defendants, with the power and authority vested in them, as owners, members officers, agents, and employees of the Corporate Defendants, and acted in the course and scope of their duty and function as owners, agents, employees, and officers of the Corporate Defendants.

68.     At all relevant times herein, the Individual Defendants directly and/or through their agents, managed, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and policies of Corporate Defendants and all payments to Plaintiff.

69.     The Individual Defendants had control over the conditions of Plaintiff's employment, including his hiring and firing, his work schedules, the rates and methods of payment of his wages, and the maintenance of his employment records.

70.     At all relevant times herein, the Individual Defendants had operational control over the Corporate Defendants.

71.     As a matter of economic reality, Defendants are joint employers of Plaintiff; and, as a result, Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

**FIRST CLAIM FOR RELIEF**
**(FLSA Violations against all Defendants)**

72.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 71 as if fully set forth herein.

73.     Plaintiff was a person covered by, and intended to benefit from, the provisions of the FLSA with respect to his work for Defendants.

74.     Pursuant to the FLSA, Plaintiff was and is entitled to certain overtime wages, and regular wages, which Defendants intentionally and willfully failed to pay in violation of such law.

75.     Plaintiff regularly worked in excess of forty (40) hours per week for Defendants and was On Call twenty-four (24) hours a day, but never received any form of additional compensation for his extra hours, either at his regular rate or at the overtime premium rate of one-and-a-half times his regular rate.

76.     Plaintiff was not paid in full for the work performed on Projects.

77.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep accurate required records, in violation of the FLSA.

78.     Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the FLSA, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper

## SECOND CLAIM FOR RELIEF
### (NYLL Violations against all Defendants)

79.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 78 as if fully set forth herein.

80.     At all relevant times, Plaintiff has been a person covered by, and intended to benefit from, the provisions of the NYLL with respect to his work for Defendants.

81.     Pursuant to NYLL, Plaintiff was entitled to certain overtime wages, and regular wages, all of which Defendants intentionally and willfully failed to pay in violation of such law.

82.     Plaintiff regularly worked in excess of forty (40) hours per week for Defendants, but never received any form of additional compensation for his extra hours, either at his regular rate or at the overtime premium rate of one-and-a-half times his regular rate.

83.     Accordingly, Plaintiff seeks a judgment for unpaid regular wages, and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff, along with an award of liquidated damages, interest, reasonable attorneys' fees and costs, as provided for by the NYLL.

### THIRD CLAIM FOR RELIEF
**(Breach of Contract against Defendants)**

84.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 83 as if fully set forth herein.

85.     Plaintiff entered into an agreement with Defendants to perform the Projects in exchange for payment for each Project performed.

86.     Plaintiff satisfactorily performed each Project and complied with the terms of his agreement with Defendants and was therefore entitled to payments he rightfully earned for his services on a quantum meruit basis and in accordance with prevailing industry standards.

87.     Defendants failed or refused to pay Plaintiff for each completed Project in full and in accordance with industry standards.

88.     Defendants' failure or refusal to pay Plaintiff the payments to which he was entitled for the Projects constituted a breach of contract.

89.     During his employment by Defendants, Plaintiff performed his obligations as superintendent and fulfilled all conditions of his employment.

90.     Defendants agreed to pay Plaintiff an hourly wage for each hour he worked and an overtime premium for each hour worked in excess of forty (40) hours per week in accordance with all prevailing federal and state wage laws.

91.     Defendants failed to pay Plaintiff at that hourly rate for each of the hours he worked.

92.     Defendants failed to pay Plaintiff any overtime premium to which he was entitled during the term of his employment.

93     By virtue of the foregoing breaches of contract by Defendants, Plaintiff has been damaged in an amount to be proven at trial, for the unpaid amounts of (i) his services as superintendent; and (ii) his work on the Projects, together with an award of interest, costs, disbursements, and attorneys' fees.

<u>**FOURTH CLAIM FOR RELIEF**</u>
**(Violation of New York Labor Law §195.1 against all Defendants)**

94.     Plaintiff repeats and realleges each and every allegation previously made in paragraphs 1 through 93 as if fully set forth herein.

95.     Pursuant to New York Labor Law §195.1, employee employed by Defendants must receive for signature, on an annual basis, a Wage Notice setting forth (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number.

96.     Plaintiff never received and never signed the Wage Notice and never received any other documents which might show the information required by NYLL §195.1.

97.     Defendants were aware or should have been aware that this practice was in violation of NYLL but continued to willfully engage in this unlawful practice.

98.     As a result of Defendants' violation of NYLL §195.1, Plaintiff is entitled to statutory damages of $25 or $50 per week, up to $2,500 or $5,000, as provided for by NYLL §195.1.

## FIFTH CLAIM FOR RELIEF
### (Wrongful Termination)

99.     Plaintiff repeats and realleges each and every allegation previously made in paragraphs 1 through 98 as if fully set forth herein.

100.    Defendants contrived false claims as a basis for justifying the termination of Plaintiff's employment.

101.    The Corporate Defendants terminated Plaintiff's employment in order to avoid paying amounts owed to Plaintiff.

102.    The Corporate Defendants terminated Plaintiff's employment in anticipation of Plaintiff's claim that Defendants failed to comply with federal and New York State Wage and Hour laws.

103.    The discharge of Plaintiff was in clear violation of federal and state public policy.

104.    In or about February 2022, Plaintiff's son and wife were injured in the Building's basement laundry room.

105.    Upon information and belief, the injuries suffered by Plaintiff's wife and son resulted from conditions that existed as a result of Defendants' failure to maintain the laundry room in a safe and proper fashion.

106.    Upon information and belief, Plaintiff's employment was terminated because Defendants anticipated that Plaintiff was likely to file a claim based upon the injuries suffered by Plaintiff's wife and son.

106.    Plaintiff's discharge was wrongful.

107.    Plaintiff's discharge was retaliatory for Plaintiff's anticipated claims against Defendants.

108.    By virtue of the foregoing, Plaintiff has been damaged in an amount to be proven at trial.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable in this action.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a.   An award of unpaid wages at the overtime wage rate due under the FLSA.

b.   An award of liquidated damages as a result of Defendants' failure to pay wages at the overtime wage rate pursuant to the FLSA.

c.   An award of unpaid wages at the overtime wage rate due under the NYLL.

    d.   An award of liquidated damages as a result of Defendants' failure to pay wages at the overtime wage rate,  failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL.

    e.   An award of damages for wrongful termination, in an amount to be proved at trial;

    f.   Prejudgment and post-judgment interest.

    g.   Compensatory damages to be determined at trial for Defendants' breach of contract.

    h.   Statutory damages of $25 or $50 per week up to $2,500 or $5,000 as provided for by NYLL §195.1.

    i.   An award of costs and expenses, including reasonable attorneys' fees.

    j.   Together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
          October 10 , 2022

<u>Hartley T. Bernstein, Esq.</u>
Hartley T. Bernstein, Esq.
BERNSTEIN CHERNEY LLP
955 Park Avenue, Fifth Floor West
New York, N.Y. 10028
(2120 381-9684 – Phone
(646) 304-9535 -Facsimile
hbernstein@bernsteincherney.com

*Attorneys for Plaintiff*

-17-